```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
DERICK LOUIS WILLIAMS,                  :   16 Civ. 1141 (LAK) (JCF)
                                        :
              Plaintiff,                :        REPORT AND
                                        :      RECOMMENDATION
      - against -                       :
                                        :
METRO NORTH RAILROAD, ALLEN             :
ROSSNEY, KEVIN ROGER, and TREVOR        :
HOWARD,                                 :
                                        :
              Defendants.               :
- - - - - - - - - - - - - - - - - - - -:
```

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 8/17/16

TO THE HONORABLE LEWIS A. KAPLAN, U.S.D.J.:

Derick Louis Williams brings this action pro se, alleging that the defendants discriminated against him in employment because of his race and retaliated against him because of a prior discrimination complaint he had lodged, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("the NYSHRL"). Mr. Williams also asserts a common law claim of defamation.

Defendant Metro-North Railroad ("Metro-North")[1] initially moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: (1) the plaintiff's NYSHRL claims are barred by the doctrine

---

[1] The individual defendants, Allen Russney, Kevin Roger, and Trevor Havard, apparently were never served and have not appeared in the action.

1

of election of remedies because he filed an administrative complaint with the New York State Division of Human Rights; (2) the plaintiff's Title VII claims are barred because he failed to exhaust administrative remedies; and (3) the complaint fails to state a claim with respect to retaliation, discrimination, or defamation. (Defendant Metro North Railroad's Memorandum of Law in Support of its Motion to Dismiss the Complaint at 1-2). However, shortly after Metro-North filed the instant motion, the plaintiff submitted a response that included an order from the New York State Division of Human Rights dismissing his claims on grounds of administrative convenience. (Determination and Order of Dismissal for Administrative Convenience dated June 16, 2016, attached to plaintiff's submission filed June 29, 2016). Accordingly, Metro-North has withdrawn its arguments based on election of remedies and failure to exhaust and now relies solely on the contention that the plaintiff's complaint fails to state a claim. (Defendant Metro-North Railroad's Reply Memorandum of Law in Further Support of Its Motion to Dismiss the Complaint at 1-2).

Background

In a prior case in this court, Mr. Williams asserted that Metro-North and certain of his supervisors discriminated against him on the basis of race and retaliated against him for reporting

safety violations.² (<u>Williams v. Metro North Rail Road at White Plains Yard</u>, No. 13 Civ. 4731 (S.D.N.Y.), ECF No. 52). That case proceeded to trial, but before a verdict was reached the parties entered into a settlement, and the case was closed on July 26, 2016. (<u>Williams v. Metro North Rail Road at White Plains Yard</u>, No. 13 Civ. 4731 (S.D.N.Y.), ECF No. 88).

In the meantime, Mr. Williams filed the instant action. In the Complaint, he appears to allege that disciplinary charges concerning incidents of insubordination to his supervisors were filed against him in December 2015 in retaliation for his earlier lawsuit. (Complaint at 3, 6-7).³ He further asserts discrimination in that he cannot ask his supervisors questions "without it becoming a problem." (Complaint at 3, 6). Finally, he alleges that the charges against him were false and constituted defamation. (Complaint at 6).

<u>Discussion</u>

    A. <u>Legal Standard</u>

To survive a motion to dismiss under Rule 12(b)(6), "a

---

² That was the second case that Mr. Williams filed against Metro-North in this court. The first was dismissed on summary judgment. <u>Williams v. Metro-North Commuter Railroad Co.</u>, No. 11 Civ. 7835, 2013 WL 4054718 (S.D.N.Y. Aug. 6, 2013).

³ In referring to the Complaint and its attachments, I will utilize the page numbers assigned by the Court's Electronic Case Filing system.

complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  While a complaint need not make "detailed factual allegations," it must contain more than mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." Id. (quoting Twombly, 550 U.S. at 555).  A complaint with "'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient.  Id. (alteration in original) (quoting Twombly, 550 U.S. at 557).  Further, where the complaint's allegations permit the court to infer only a possible, but not a plausible, claim for relief, they fail to meet the minimum standard.  Id. at 679.

The court's task in ruling on a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund, Ltd., 580 F. Supp. 2d 321, 327 (S.D.N.Y. 2008) (quoting Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004)).  In doing so, a court should construe the complaint in the light most favorable to the plaintiff, "taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor."  Harris v.

Mills, 572 F.3d 66, 71 (2d Cir. 2009). However, this tenet "is inapplicable to legal conclusions" and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

A pro se complaint must be considered under a more lenient standard than would be applied to "formal pleadings drafted by lawyers." Bellamy v. Mount Vernon Hospital, No. 07 Civ. 1801, 2009 WL 1835939 *3 (S.D.N.Y. June 26, 2009) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Even after Iqbal, a court should construe a pro se complaint "liberally and interpret it 'to raise the strongest arguments that [it] suggest[s].'" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (alterations in original)(quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Nevertheless, proceeding pro se does not relieve a litigant of the minimum pleading requirements. Id. at 170. "[E]ven pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" Jackson v. New York State Department of Labor, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting Twombly, 550 U.S. at 555).

B. Retaliation

It is unlawful "for an employer to discriminate against any of

[its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).  To state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) he participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging him; and (3) there exists a causal connection between the protected activity and the adverse action.  See Kelly v. Howard I. Shapiro & Associates Consulting Engineers, P.C., 716 F.3d 10, 14 (2d Cir. 2013); Feingold v. State of New York, 366 F.3d 138, 156 (2d Cir. 2004).  The standards for evaluating retaliation claims under the NYSHRL are the same. Kelly, 716 F.3d at 14; Brown v. City of New York, No. 11 Civ. 2915, 2013 WL 3789091, at *19 (S.D.N.Y. July 19, 2013).

Here, Mr. Williams has not alleged facts that would tend to establish a causal connection between the earlier case and the disciplinary charges in 2015.  Causation between protected activity and retaliation can be shown either "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar

6

conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." Gordon v. New York City Board of Education, 232 F.3d 111, 117 (2d Cir. 2000). Where, as appears to be the case here, a plaintiff relies on temporal proximity between the employer's knowledge of protected activity and an adverse action as proof of causality, "the temporal proximity must be 'very close.'" Clark County School District v. Breeden, 532 U.S. 268, 273 (2001) (quoting O'Neal v. Ferguson Construction Co., 237 F.3d 1248, 1253 (10th Cir. 2001)). In this circuit, a gap of up to eight months has been found to be sufficiently close to infer causation. See Summa v. Hofstra University, 708 F.3d 117, 128 (2d Cir. 2013) ("[S]even months is within the temporal range that we have found sufficient to raise an inference of causation . . . ."); Grant v. Bethlehem Steel Corp., 622 F.2d 43, 45-46 (2d Cir. 1980) (finding causation based on adverse action within eight months of protected activity). However, no court has found causation where the lapse of time is as long as the two and one-half years between when Mr. Williams filed his case in July 2013 and when disciplinary charges were brought against him in December 2015.

As this analysis implies, courts generally measure temporal proximity from the filing of a complaint of discrimination to the time an adverse action is taken. See Breeden, 532 U.S. at 273

(presuming that if supervisor was aware of right to sue letter, she was also aware of protected activity consisting of filing of EEOC complaint). This makes intuitive sense, since the commencement of proceedings is the event most likely to attract the attention of the employer and motivate retaliatory action. Nevertheless, “ongoing litigation [is] a statutorily protected activity.” Musick v. Salazar, 839 F. Supp. 2d 86, 95 (D.D.C. 2012) (alteration in original) (quoting Pendleton v. Holder, 697 F. Supp. 2d 12, 23 (D.D.C. 2010)). Consequently, an employer may be held liable for retaliating against any steps that an employee takes in pursuing his rights, up to (and even beyond) the point at which some earlier proceeding challenging alleged discrimination may have concluded. But this does not mean that temporal proximity is measured from the date protected activity has concluded. Rather, if the employee is relying solely on indirect evidence of causation, he must still plead, and ultimately prove, that the adverse action was close in time to some form of protected activity of which the alleged wrongdoer was aware. Mr. Williams has made no such allegation. He has asserted no facts from which it could plausibly be inferred that any supervisor who initiated disciplinary proceedings against him did so shortly after learning of the filing or prosecution of Mr. Williams’s earlier case. His claim of retaliation therefore fails.

C. <u>Discrimination</u>

To plead a claim of racial discrimination under Title VII, a claimant must allege facts sufficient to show that: "(1) he belonged to a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) [] the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." <u>Brown v. City of Syracuse</u>, 673 F.3d 141, 150 (2d Cir. 2012)(quoting <u>Holcomb v. Iona College</u>, 521 F.3d 130, 138 (2d Cir. 2008)). Again, the same standard applies to discrimination claims under the NYSHRL. <u>See</u> <u>Salamon v. Our Lady of Victory Hospital</u>, 514 F.3d 217, 226 n.9 (2d Cir. 2008). The plaintiff's claim falters on the fourth prong of this test.

> It is well-settled that an inference of discriminatory intent may be derived from a variety of circumstances, including, but not limited to: '. . . the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the [adverse employment action].'

<u>Leibowitz v. Cornell University</u>, 584 F.3d 487, 502 (2d Cir. 2009) (quoting <u>Chambers v. TRM Copy Centers Corp.</u>, 43 F.3d 29, 37 (2d Cir. 1994)).

No such circumstances have been alleged here. Mr. Williams asserts only that "I cannot ask a white foreman a question[] with

9

out it becoming a problem . . . ." (Complaint at 6). Even given the liberal reading afforded to pro se pleadings, this allegation is too conclusory to support a claim of discrimination. The plaintiff provides no facts that would permit a comparison of his treatment with that of white employees, nor does he suggest that he is treated more respectfully by black supervisors. See Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (per curiam) ("Plaintiff's Complaint does not . . . set forth any factual circumstances from which a gender-based motivation for such an [adverse] action might be inferred. It does not, for instance, allege that Clark (or any of the other defendants) made any remarks that could be viewed as reflecting discriminatory animus. Nor does it allege that any male employees were given preferential treatment when compared to Plaintiff." (citations and footnotes omitted)); Sales v. Clark, No. 14 Civ. 8091, 2015 WL 7731441, at *5 (S.D.N.Y. Sept. 16, 2016). Accordingly, the plaintiff's discrimination claims should be dismissed.

    D. Defamation

Mr. Williams asserts a cause of action for "defamation of character, false charges." (Complaint at 3). He goes on to allege that "defamation of character is the legal term for harming someone reputation by making false statement by management with the gang mentality using bully tactic, retaliation, harassment,

10

intimidation, pressure!" (Complaint at 6).

To state a claim for defamation, a plaintiff must allege: (1) a false and defamatory statement, (2) published without authorization to a third party, (3) constituting fault as judged at minimum by a negligence standard, and (4) causing special damages or constituting defamation per se. Bernstein v. Seeman, 593 F. Supp. 2d 630, 635 (S.D.N.Y. 2009). "Under New York law, defamation is defined as 'the making of a false statement which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him . . . .'" Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC, 813 F. Supp. 2d 489, 549 (S.D.N.Y. 2011) (alteration in original) (quoting Dillon v. City of New York, 261 A.D.2d 34, 37–38, 704 N.Y.S.2d 1, 5 (1st Dep't 1999)).

Special rules apply in the context of employee evaluations and disciplinary proceedings.

> New York recognizes a qualified privilege for allegedly defamatory statements made between persons who share a common interest in the subject matter. See El-Hennawy v. Davita, Inc., 50 A.D.3d 625, 853 N.Y.S.2d 925, 925 (2d Dep't 2008) (citing Foster v. Churchill, 87 N.Y.2d 744, 751, 642 N.Y.S.2d 583 (1996)). Under New York law, "[c]ommunications by supervisors or co-workers made in connection with the evaluation of an employee's performance, including allegations of employee misconduct and communications regarding the reasons for an employee's discharge, fall within the privilege." Albert v. Loksen, 239 F.3d 256, 272 (2d Cir.2001). It is essential for the functioning of a business that "an

employer's agents must be free, within certain bounds, to communicate with it regarding the performance of persons in its employ." <u>Mandelblatt v. Perelman</u>, 683 F. Supp. 379, 385 (S.D.N.Y. 1988); <u>see also</u> <u>Albert</u>, 239 F.3d at 268 ("No workplace, we think, can operate effectively unless the employers and employees who work there have the ability to speak freely in evaluating the actions of their employees and co-employees."); <u>Ello v. Singh</u>, 531 F. Supp. 2d 576 (S.D.N.Y. 2007) ("In the employment context, the qualified privilege is recognized as protecting the free flow of information.").

The qualified privilege only protects statements "to the extent that the communication is expressed in a reasonable manner for a proper purpose." <u>Mandelblatt</u>, 683 F. Supp. at 385. The privilege may be forfeited if the defendant makes "a false, defamatory statement with 'malice' of either the common-law or constitutional variety." <u>Albert</u>, 239 F.3d at 272. "Common-law malice means spite or ill will and defeats the privilege only if it is the one and only cause for the publication." <u>Id.</u> (internal quotation marks and citations omitted). "Constitutional or 'actual' malice means publication with knowledge that the statement was false or reckless disregard of whether it was false or not." <u>Id.</u> (internal quotation marks and citations omitted). Under New York defamation law, "[m]ere conclusory allegations, or charges based upon surmise, conjecture, and suspicion are insufficient to defeat the claim of qualified privilege." <u>Thai v. Cayre Group, Ltd.</u>, No. 10 Civ. 269, 2010 WL 2710615, at *3 (S.D.N.Y. July 8, 2010) (quoting <u>Golden v. Stiso</u>, 279 A.D.2d 607, 720 N.Y.S.2d 164, 164 (2d Dep't 2001)).

<u>Vaughn v. American Multi Cinema, Inc.</u>, No. 09 Civ. 8911, 2010 WL 3835191, at *3 (S.D.N.Y. Sept. 13, 2010) (alterations in original). Here, Mr. Williams has not pled that the allegedly defamatory statements were published to persons outside the employment relationship, such that the qualified privilege would not apply. Nor has he proffered facts from which it could be inferred that the

12

statements were made with malice. Thus, the plaintiff's defamation claims, too, should be dismissed.

### E. Leave to Replead

The Second Circuit has held that a pro se litigant should be afforded at least one opportunity to "amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint [will] succeed in stating a claim." Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1990) (per curiam); see also Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991) (noting that pro se litigants should be granted at least one opportunity to amend a complaint "when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Because there is some prospect, however slim, that the plaintiff could state a valid claim, he should be given an opportunity to amend his complaint. Any such amendment must address the defects identified above. Furthermore, the plaintiff is cautioned that any amended complaint must comply with Rule 11 of the Federal Rules of Civil Procedure, including the requirement that all "factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

Conclusion

For the reasons discussed above, Metro-North's motion to dismiss (Docket no. 17) should be granted, and the plaintiff be accorded an opportunity to file an amended complaint. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of this order to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Lewis A. Kaplan, Room 2240, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         August 17, 2016

Copies mailed this date to:

Derick Louis Williams
2438 Morris Ave.
#4E
Bronx, NY 10468

Joshua R. Fay, Esq.
Metro-North Railroad
420 Lexington Ave., 11th Floor
New York, NY 10170